IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SONJA M. HOFFMAN,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

Case No. 6:16-cv-01660-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Sonja M. Hoffman brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act. 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.* For the following reasons, the Court AFFIRMS the Commissioner's decision.

**PROCEDURAL BACKGROUND**

Plaintiff applied for SSI and DIB on March 21, 2013. Tr. 184-97.[1] She claimed disability beginning May 30, 2004, later amended to September 18, 2009. Tr. 184, 322-23. Her claim was denied initially on October 21, 2013, and on reconsideration on March 10, 2014. Tr. 71-96, 97-122. A hearing was held January 26, 2015, before Administrative Law Judge ("ALJ") Katherine Weatherly. Tr. 32-70. Plaintiff testified at the hearing, represented by counsel; a vocational expert ("VE"), Mark McGowan, also testified. *Id.* On February 23, 2015, the ALJ issued a decision finding plaintiff not disabled under the Act and denying benefits. Tr. 11-26. Plaintiff requested review before the Appeals Council, which was denied June 13, 2016. Tr. 1-7. Plaintiff then sought review before this Court.[2]

**FACTUAL BACKGROUND**

Born in 1966, plaintiff graduated from high school and attended college for two years. Tr. 38, 184. She has taken online coursework toward a medical transcriptionist degree. Tr. 41-42. She has worked in retail as sales clerk and manager. Tr. 47-48. Plaintiff has been diagnosed with depression, anxiety, left knee degenerative joint disease, right knee medial meniscal tear, and obesity. Tr. 322-23, 332, 337, 392, 558, 611, 684, 691. Plaintiff has a history of methamphetamine and cannabis abuse, in remission. Tr. 57, 658. She has received diagnoses of posttraumatic stress disorder ("PTSD"), or possible PTSD. Tr. 584, 587, 593. Plaintiff had surgery on her left knee on March 20, 2014. Tr. 692-93. She has fatty liver and possible hepatosplenomegaly. Tr. 328, 336, 344. Plaintiff traces her psychological issues to her mother's

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the Administrative Record filed with the Commissioner's Answer. (Docket Nos. 10, 11).
[2] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 6).

death about seventeen years ago, and her son's in 2011. Tr. 54-55, 555. Plaintiff lives with her sister, is formerly married, and has an adult daughter and grandchildren. Tr. 36-37, 407, 555.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the ALJ must evaluate medical and other evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). The Commissioner proceeds to the fourth step to determine whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy.

*Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**THE ALJ'S DECISION**

The ALJ first found that plaintiff meets the insured status requirements of the Act through December 31, 2009. Tr. 13. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset. *Id.* At step two, the ALJ found that plaintiff had these severe impairments: left knee degenerative joint disease status post arthroscopic surgery, right knee medial meniscal tear, obesity, depressive disorder, anxiety/PTSD, and polysubstance abuse disorder in remission. *Id.* The ALJ found that plaintiff has nonsevere impairments including hepatosplenomegaly, fatty liver, hypertension, and hypothyroidism. Tr. 13-14. At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment. Tr. 14.

The ALJ then found that plaintiff had the RFC to perform less than light work, with various physical limitations, and limited to simple, routine tasks, with occasional interpersonal interaction. Tr. 16. In determining plaintiff's RFC, the ALJ gave "partial weight" to the opinions of consultative examining psychologist Manuel Gomes, Ph.D., and "little weight" to the opinions of treating physician Lyle Torguson, M.D., and treating counselor Jill Robertson, MA, LPC, QMHP; the ALJ considered the third-party function report of Chasity Pendergraft, plaintiff's daughter, but faulted that report; also the ALJ discounted plaintiff's testimony regarding her symptoms. Tr. 18, 20, 22-23. At step four, the ALJ found plaintiff unable to perform past relevant work. Tr. 24. At step five, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy, including office helper, photocopy

machine operator, and meter reader. Tr. 25-26. The ALJ thus found plaintiff not disabled under the Act and not entitled to benefits. Tr. 26.

## ANALYSIS

Plaintiff argues that the ALJ erred in three regards: (1) in improperly evaluating medical opinion evidence; (2) in failing to properly account for lay witness testimony; and (3) in finding plaintiff's symptom testimony not entirely credible. The Court finds that the ALJ did not err in these regards.

### I. Medical Opinion Evidence

Plaintiff argues that the ALJ failed to give legally sufficient reasons supported by substantial evidence to discount the opinions of treating physician Lyle Torguson, M.D., consultative examining psychologist Manuel Gomes, Ph.D., and treating counselor Jill Robertson, MA, LPC, QMHP. Plaintiff also contends that the ALJ failed to consider the opinions of state agency consultant psychologists Dorothy Anderson, Ph.D., and Kordell Kennemer, Psy.D.

The weight given to the opinion of a physician depends on whether the physician is a treating, examining, or nonexamining physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527). If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. *Id.* (treating physician); *Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 632; *Widmark*, 454 F.3d at 1066. "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts

and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted).

### A. Treating Physician Dr. Torguson

Lyle Torguson, M.D., was plaintiff's treating physician for at least four years, and saw her approximately every two to four months, chiefly for depression, obesity, and psychiatric medication management. Tr. 581-83, 587, 629-32. Dr. Torguson completed a Mental Impairment Questionnaire on October 14, 2013, which he reviewed and renewed on November 12, 2014. Tr. 628-32, 645-48. He assessed plaintiff as having no limitations on activities of daily living; moderate social limitations; frequent limitations on concentration, persistence, or pace; and one or two episodes of decompensation. *Id.* He opined that plaintiff's impairments would cause her to miss more than three work days per month. *Id.* The ALJ gave Dr. Torguson's 2013 and 2014 opinions "little weight," because the symptoms and limitations endorsed were inconsistent with his chart records and not corroborated by the medical record. Tr. 22. The ALJ also discounted Dr. Torguson's assessment because he did not give sufficient explanation of how he reached his conclusions, and because it appeared that his opinion regarding missed days of work was made "with the claimant's consult." *Id.* .

Plaintiff offers two arguments to support her contention that the ALJ erred in discounting Dr. Torguson's opinions. First, she argues that Dr. Torguson's opinions are not inconsistent with his chart notes and the record. As support, plaintiff cites two appointments where Dr. Torguson noted flat or depressed affect and short-term memory deficits. Tr. 599, 594. Plaintiff argues other providers' observations, including Dr. Gomes', noted depressed and anxious affect and tearfulness, and that Dr. Gomes made a finding of some memory impairment. Pl. Opening Br., at 6 (Docket No. 15). Plaintiff's arguments, however, are insufficient to show that the ALJ

erred in discounting Dr. Torguson's opinions. The two citations to Dr. Torguson's records do not persuade the Court that the ALJ erred. Rather, the inconsistencies found by the ALJ appear in Dr. Torguson's medical records as a whole. Depressed affect and memory loss (on which medical reports are contradictory, as discussed below) are not the areas where the ALJ found Dr. Torguson's opinions inconsistent. Dr. Torguson's records reflect a focus on plaintiff's control of symptoms with medication and issues that were the subject of counseling (obesity and weight loss). The ALJ also noted gaps in treatment due to plaintiff reportedly "doing well," and PTSD symptoms. Tr. 15, 20-21. The observations cited by plaintiff do not support the allegedly disabling limitation assessed by Dr. Torguson in his 2013 and 2014 opinions on which plaintiff relies to support her disability claim, specifically, that plaintiff would miss work three or more days of work per month. Tr. 21; Pl. Opening Br., at 6 (Docket No. 15). The ALJ recognized Dr. Torguson's observations regarding plaintiff's affect. Tr. 21. Plaintiff has not shown that the ALJ erred in finding Dr. Torguson's opinions inconsistent with his notes or the record. *See Burch*, 400 F.3d at 684.

Second, plaintiff contends the ALJ erred in discounting Dr. Torguson' opinions for failing to give sufficient explanation as to how he reached his conclusions.[3] Plaintiff concludes that this is not a legitimate reason to reject treating medical opinion evidence. *See* Pl. Opening Br., at 6-7 (Docket No. 15). However, this is a valid basis to discount medical opinion evidence. *See Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately

---

[3] Plaintiff also disputes whether Dr. Torguson improperly relied on plaintiff's self-report regarding days of work missed. As with Robertson, discussed below, the ALJ's criticism here lacks support and seems not to be borne out by the record evidence. However, any error here is harmless as plaintiff has not shown the ALJ erred in the two principal bases for discounting Dr. Torguson's opinions: inconsistency and lack of sufficient explanation.

supported by clinical findings." (quotation omitted)). Plaintiff has not argued that, or explained how, Dr. Torguson's opinions are sufficiently explained or supported. Instead, plaintiff argues that the ALJ gave great weight to the opinions of non-examining doctors who provided no more explanation for their opinions than did Dr. Torguson. *See* Pl. Opening Br., at 7 (Docket No. 15). Without specifically naming them, plaintiff cites to the psychological consultant opinions of Drs. Anderson and Kennemer, Tr. 79-80, 91-92, 115-18, but these are not the doctors whose opinions the ALJ gave great weight.[4] Rather, the ALJ refers to the reviewing consultant physician on reconsideration who opined on physical limitations (at Tr. 6A, *see* Tr. 118-20 (opinions of Lina Jensen, M.D.)). Dr. Jensen's opinion supports the ALJ's limitations in plaintiff's RFC and was, therefore, given great weight. Tr. 24.. Dr. Torguson did not provide any explanation for the assessment that plaintiff would miss more than three work days per month. Tr. 632, 648.

The ALJ did not err in discounting Dr. Torguson's opinions.

### B. Consultative Examining Psychologist Dr. Gomes

Manuel Gomes, Ph.D., performed a consultative psychodiagnostic evaluation of plaintiff on October 3, 2013. Tr. 554-60. He assessed that plaintiff had a fair prognosis, that she would require assistance maintaining a regular work schedule due to lack of confidence, that she would require assistance managing work stressors, that she did not have barriers to being supervised or working with others, and that "[s]he should be able to manage social crowds as her familiarity increases." Tr. 560. The ALJ gave Dr. Gomes' opinions "partial weight," with less weight assigned to his evaluation of plaintiff's needing assistance with scheduling and stressors because these were not supported by the record. Tr. 20.

---

[4] Indeed, plaintiff elsewhere argues that the ALJ erred by *not* considering Drs. Anderson and Kennemer's opinions. *See* Pl. Opening Br., at 8-9 (Docket No. 15).

Plaintiff argues that the ALJ erred in discounting Dr. Gomes' opinions because the record supports his assessment that she requires assistance. Plaintiff cites the fact that she has not worked since 2009, that she has required assistance with basic living needs such as securing housing, that she has irregular sleep patterns, and that she has persistent depressive symptoms. Tr. 43, 400, 410, 423, 498, 568. However, none of these issues relates to whether plaintiff requires assistance in scheduling and managing stressors. Plaintiff cannot show the ALJ erred simply by citing evidence that is consistent with her own interpretation of medical opinions; she must show that the ALJ lacked sufficient evidence to find Dr. Gomes' opinions unsupported by the record, and this plaintiff has not done. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Davis v. Astrue*, No. CV 10-742-SI, 2011 WL 6152870, at *15 (D. Or. Dec. 7, 2011), *opinion corrected on denial of reconsideration*, 2012 WL 10512 (Jan. 3, 2012). Plaintiff argues that agency consultants Drs. Anderson and Kennemer found that plaintiff required assistance adjusting to a work schedule, and some assistance beyond that from supervisors. However, those reviewing psychologists assessed only that plaintiff would require supervisor assistance in short-term goal-setting, but otherwise was not significantly limited in responding to changes in the work setting. Tr. 80, 118. Other medical provider opinions regarding assistance in short-term goal-setting is not sufficient to find error in the ALJ's conclusion that Dr. Gomes' opinions regarding scheduling and stressors are unsupported.

Plaintiff has not shown that the ALJ erred in giving partial weight to Dr. Gomes' opinions.

### C. Treating Counselor Robertson

Plaintiff had seen treating counselor Jill Robertson, MA, LPC, QMHP, approximately twice monthly for therapy since 2009. Tr. 650. Robertson completed a Mental Status Report on

July 15, 2013, in which she assessed grief, depressed mood, anxiety, and social phobia. Tr. 379-81. She opined that plaintiff was able to take care of basic needs, had difficulty in crowds of people she did not know, had trouble with online coursework, and had very low self-esteem. *Id.* Robertson also completed a Mental Impairment Questionnaire on November 25, 2014, in which she assessed complex grief, "significant depression," anxiety, social phobia, and PTSD; she assessed moderate restriction in activities of daily living, marked social difficulties, "seldom" deficiencies in concentration, persistence, and pace, and not enough information to gauge episodes of decompensation. Tr. 650-53. She opined that plaintiff would miss more than three days of work per month due to these impairments. Tr. 653. The ALJ gave Robertson's opinions "little weight" because they were inconsistent with her own chart notes, because she was not an acceptable medical source under Social Security Ruling ("SSR") 06-03p, and because she appeared to have relied on plaintiff's self-report regarding work days missed. Tr. 23.

Certain of the ALJ's reasons for discounting Robertson's opinions are incorrect. Although a counselor is not an "acceptable medical source," she is an "other source" who can provide evidence about the severity of a claimant's impairments and how they affect work ability. 20 C.F.R. § 404.1513; *Haagenson v. Colvin*, 656 F. App'x 800, 802 (9th Cir. 2016). "Opinions from these ['other'] medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects . . . ." SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006). "The ALJ may discount testimony from these 'other sources' if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quotation omitted). The fact that Robertson is not an "approved medical source," Tr. 23, is not a basis to discount her opinions; rather, it means that the ALJ need only provide germane reasons to discount them. Likewise, Robertson is qualified to opine that

plaintiff would miss more than three days of work per month; this is not "outside the purview" of her expertise, nor reserved to a vocational expert or the Commissioner. *E.g.*, *Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012) (relying on psychologist and nurse practitioner opinions that plaintiff "would miss quite a few days a month from even a simple job"). Days of work likely missed due to psychological symptoms is a valid subject of psychological assessment. Further, the ALJ does not cite what part of the extensive record from Robertson, *see* Tr. 379-405, 411-58, 460-66, 468-69, 472, 475, 480-84, 486, 488-92, 495-550, 564-77, 650-74, appears to rely on plaintiff's self-reports, or indicate what opinions were thus derived. This is not a specific, germane reason for discounting Robertson's opinions. *Haagenson v. Colvin*, 656 F. App'x 800, 802 (9th Cir. 2016).

Regardless, the ALJ found Robertson's opinions inconsistent with her chart notes and the record as a whole, Tr. 23, and this is a valid basis to discount her opinions, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Plaintiff has not challenged this reasoning. Plaintiff argues only that Robertson's opinions are consistent with Dr. Torguson's. This is not sufficient, as the ALJ properly discounted Dr. Torguson's opinions. Consistency with another medical opinion does not mean that the opinions were not inconsistent with chart notes or the record, as the ALJ reasoned. Plaintiff has not argued that Robertson's opinions are in fact consistent with her chart notes or the record as a whole, and so the Court does not consider such an argument, and affirms the ALJ's finding that the opinions were inconsistent in that manner. *See Kim*, 154 F.3d at 1000. The ALJ did not err in discounting Robertson's opinions.

### D. Agency Consultant Psychologists Drs. Anderson and Kennemer

Agency non-examining consulting psychologists Dorothy Anderson, Ph.D., and Kordell Kennemer, Psy.D., reviewed the records of Drs. Torguson and Gomes and assessed plaintiff as

having severe affective and anxiety disorders. Drs. Anderson and Kennemer opined that plaintiff would have no restriction in activities of daily living, moderate difficulty in social functioning, moderate difficulty in concentration, persistence, and pace, and no episodes of decompensation. Tr. 77-92 (Dr. Anderson); 103-04, 113-18 (Dr. Kennemer). They recommended supervisor assistance in short-term goal-setting. Tr. 80, 92, 104, 117-18.

Plaintiff argues that the ALJ did not consider these opinions, and therefore improperly rejected them without sufficient evidence. However, any error in failing to consider these opinions was harmless, as the only limitations assessed were moderate difficulties in social functioning, and concentration, persistence, and pace. The ALJ accounted for such limitations in the RFC by limiting plaintiff to simple routine tasks and occasional interaction with coworkers, supervisors, and the public. Tr. 16. Plaintiff has not identified how consideration of these opinions would change the RFC or findings regarding her ability to work. *See Merritt v. Colvin*, 572 F. App'x 468, 470 (9th Cir. 2014) ("We also conclude that the ALJ did not err by 'failing to fully discuss' [doctor's] examination records because plaintiff does not point to any particular record from [doctor] which would establish the existence of work-related limitations."); *Garner v. Colvin*, No. 6:13-cv-01428-JO, 2015 WL 478450, at *6 (D. Or. Feb. 4, 2015) (finding that any error in omitting consideration of agency reviewing physician opinion harmless where "ALJ's decision would remain supported" were opinion credited).[5]

The ALJ did not err by omitting reference to Drs. Anderson and Kennemer's opinions.

---

[5] Plaintiff also argues that the VE testified that a worker who required additional assistance in the first two months could not sustain employment in the jobs the ALJ identified at step five. Pl. Opening Br., at 9 (Docket No. 15). However, this misstates the VE testimony: the VE testified that a person who could not complete the tasks of the job in the first two months would not be able to sustain employment in the identified jobs. Tr. 67-68.

## II. Lay Witness Testimony

Plaintiff argues that the ALJ did not adequately account for the lay witness testimony of plaintiff's daughter, Chasity Pendergraft. Pendergraft completed a written statement in July 2013 in which she wrote that plaintiff has difficulty being around people she does not know, has impaired memory, and isolates at home. Tr. 270-77. She wrote that working would cause plaintiff more stress and exacerbate psychological symptoms and that her medications caused side effects such as drowsiness. *Id.* The ALJ noted that Pendergraft's report contradicted plaintiff's own statements that she did not experience any such medication side-effects. Tr. 18. The ALJ stated that she considered Pendergraft's statement in formulating the RFC. *Id.*

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). "Such testimony is competent evidence and *cannot* be disregarded without comment." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (emphasis in original, quotation omitted). The ALJ, however, need not "clearly link his determination to [these germane] reasons." *Lewis*, 236 F.3d at 512. Where a lay witness's testimony is similar to the plaintiff's, and the ALJ properly discounted the plaintiff's testimony, "it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony." *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009). "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). "Disregard of this evidence violates the [Commissioner's] regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's

ability to work." *Id.* at 919 (quotation omitted). A legitimate reason to discount lay testimony is that it conflicts with medical evidence. *Lewis*, 236 F.3d at 511.

Plaintiff argues that the ALJ, despite purportedly crediting Pendergraft's report, did not properly account for it in the RFC, specifically regarding plaintiff's ability to handle stress, need for assistance with instructions, and tendency to isolate. The ALJ, however, did account for these limitations by limiting plaintiff to occasional interaction with coworkers, supervisors, and staff, and finding that she could handle simple, routine tasks. Pendergraft's assessment of plaintiff's exacerbated stress chiefly pertained to forgetfulness, attention, and social interaction, Tr. 270, 276, which the limitations of the RFC account for. *See Turner v. Comm'r*, 613 F.3d 1217, 1223 (9th Cir. 2010) (finding no error where there was no apparent conflict between an opinion and the RFC). The ALJ did not err in considering Pendergraft's report.

### III.     Plaintiff's Symptom Testimony

The ALJ found plaintiff's statements regarding her symptoms not entirely credible due to various "credibility issues" raised by the record. Tr. 17. These include plaintiff's apparent failure to follow through with prescribed physical therapy (particularly given other activities plaintiff engaged in), the lack of evidentiary support for the level of debilitating symptoms claimed, and inconsistencies regarding plaintiff's reports of memory deficits. Tr. 17-19. Plaintiff argues that the ALJ did not give clear and convincing reasons, supported by substantial evidence, to discount her subjective symptom testimony. The ALJ did not so err.

When deciding whether to accept a claimant's subjective symptom testimony, the ALJ performs a two-stage analysis. First, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not

required to show that the impairment could reasonably be expected to cause the severity of the symptoms, but only to show that it could reasonably have caused some degree of the symptoms. *Id.* In the second stage, the ALJ assesses the credibility of the claimant's testimony regarding the symptoms' severity. *Id.* The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan*, 246 F.3d at 1208. General findings are insufficient to support an adverse credibility determination; the ALJ must rely on substantial evidence. *Id.* In order to find a plaintiff's testimony regarding the degree of impairment unreliable, the ALJ must make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The ALJ may consider many factors in weighing a claimant's symptom testimony, including

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quotation omitted).

In May 2014, plaintiff was prescribed physical therapy following knee surgery in March 2014. She did not start therapy until December 16, 2014. Tr. 680, 684-87. Plaintiff testified at the hearing that the reason she did not follow through with physical therapy for seven months was that she "made a mistake" and did not understand that she had limited time after receiving

the prescription to schedule appointments. Tr. 59.[6] However, plaintiff told her therapist Robertson in August 2014 that "she is unable to get to physical therapy appointments due to lack of transportation." Tr. 666. In October 2014, plaintiff told Robertson she could not attend physical therapy because "she is stranded at her trailer (no transportation)" (but that she would schedule "as soon as possible"). Tr. 656. These explanations are inconsistent and call into question plaintiff's credibility. *Molina*, 674 F.3d at 1112 (holding that ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating symptom testimony); *Burch*, 400 F.3d at 680 (holding that ALJ may consider "inconsistencies in claimant's testimony" when evaluating symptom testimony). At the January 2015 hearing, plaintiff testified that she can "hardly walk on the left knee still" even following surgery on that knee, and that pain in both knees allows her to walk only ten minutes before needing to sit. Tr. 43-44. This testimony calls into question plaintiff's credibility in not seeking physical therapy. Also, plaintiff's explanation regarding transportation limitations was questionable given that she testified that she did not drive much since knee issues began in 2013, driving only five times per month, but told Robertson in January 2014 that her driving limitations were more due to her car having stopped running and her having sold it for scrap. Tr. 674. Plaintiff's inconsistent statements about her accessing physical therapy affects her credibility regard her symptom testimony. *Burch*, 400 F.3d at 680. Plaintiff also appeared to be able to engage in other activities despite these claimed transportation limitations, such as "spending substantial time" at the hospital with her granddaughter after her granddaughter's spine surgery in August 2014. Tr. 667-68.

---

[6] Plaintiff similarly told physician Mary Gabriele, M.D., on December 11, 2014, that "[s]he had misunderstood when she first had the surgery so she never had the physical therapy. She saw [the surgeon] one time after the surgery and he ordered the PT." Tr. 680.

The ALJ also legitimately found plaintiff's claims of mental limitations inconsistent with regard to alleged memory deficits. Tr. 19. Plaintiff claimed disability (beginning in May 2004, amended to September 2009) in part because of short-term memory impairment. Tr. 129, 322-23. Plaintiff elsewhere said short-term memory problems began following a viral infection with high fever in August 2010. Tr. 332, 555.[7] Her memory has been assessed as good or intact on multiple occasions.[8] Even when plaintiff reported to medical providers that she experienced memory problems, the providers repeatedly assessed her memory as good or intact. Tr. 599, 615, 630, 646, 651. Plaintiff argues that Dr. Gomes assessed "a loss of focus as a working memory deficit" as support for her claims of memory impairment, but Dr. Gomes also assessed "[n]o issues . . . in her ability to concentrate, maintain persistence or pace despite her concerns over having short-term memory loss." Tr. 557-58. Dr. Gomes also concluded that "[w]hile . . . she did display some errors in memory and calculation, but these errors were not significant enough to warrant relieving her of her right to self-management or employment." Tr. 560. *Perez v. Astrue*, 247 F. App'x 931, 934 (9th Cir. 2007) (holding that ALJ appropriately discounted plaintiff's testimony where subjective claims were not supported by medical record). In any event, the ALJ accounted for any memory deficits in the RFC by limiting plaintiff to "simple, routine tasks." Tr. 16. *See Bayliss*, 427 F.3d at 1217 (finding RFC determination

---

[7] From plaintiff's psychological evaluation with Dr. Gomes: "She reports short-term memory issues beginning about three years ago when she was sick . . . . She states now her mind goes blank midsentence. She has difficulty holding information so she speaks it while she is aware of any information." Tr. 555. Plaintiff has also claimed that her memory problems began with her son's death in August 2011. Tr. 555, 680.

[8] Tr. 584 ("Cognition and memory seems good," Apr. 20, 2011); 587 ("Cognition and memory is good," July 26, 2011); 393 (memory "good," Sept. 18, 2011); 384 (same, Sept. 18, 2012); 596 ("Cognition and memory are good," March 5, 2013); 566 (memory "good," Sept. 18, 2013); 600 (memory "intact," Jan 13, 2014); 639 (same, June 9, 2014); 640 (memory "good," Aug. 4, 2014); 659 (same, Sept. 18, 2014); 643 (same, Nov. 3, 2014).

proper where "the ALJ took into account those limitations for which there was record support that did not depend on [plaintiff's] subjective complaints" lacking credibility).

The ALJ gave sufficient specific reasons, supported by substantial evidence, for discounting plaintiff's symptom testimony. The ALJ noted other possibility inconsistencies in plaintiff's testimony, but did not specifically tie them to her credibility finding, such as regarding plaintiff's use of a cane and the duration of plaintiff's knee problems. Tr. 17. The ALJ also seems to conjecture about plaintiff's memory with regard to plaintiff's online studies and as they relate to grief over her son. Tr. 19. Plaintiff argues that the record does not support the ALJ's findings and that these reasons cannot support an adverse determination regarding symptom testimony. Even if these reasons were part of the ALJ's reasoning, and were invalid, any error would be harmless as the ALJ provided other sufficient, valid reasons for her determination. *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ did not error in discounting plaintiff's subjective symptom testimony.

## CONCLUSION

For these reasons, the Court find that the ALJ did not err in finding plaintiff not disabled under the Act. The ALJ did not err in discounting medical opinions, in her accounting for lay witness testimony, or in assessing plaintiff's symptom testimony. The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards. The Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 5th day of January, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge